## F. SAMSCHEN *v.* THE STATE.

OATH TO SHERIFF — PRACTICE. — The omission of the court to administer to the sheriff and his deputies the oath prescribed by sect. 12 of the jury law of 1876 was assigned as cause for new trial, but not otherwise verified as a fact. *Held,* not properly authenticated for revision. The omission should have been made to appear affirmatively by bill of exception or otherwise.

APPEAL from the District Court of DeWitt. Tried below before the Hon. O. L. THRELKELD, County Judge.

The conviction was for a petty theft.

*W. R. Friend*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. If the oath prescribed by the jury law of 1876 was not administered to the sheriff at the commencement of the term of the court at which appellant was tried, that fact should be made to appear affirmatively in the record, by bill of exceptions or otherwise. *Hicks* v. *The State*, 5 Texas Ct. App. 488. A mere statement to that effect, as one of the grounds set up in a motion for new trial, will not suffice.

The verdict is fully sustained by the law and the evidence, and the judgment is affirmed.

*Affirmed.*